IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNIE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-CV-871-WKW [WO] |
| | ) | |
| ARMY FLEET SUPPORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Donnie Rogers sued his former employer, Defendant Army Fleet Support, LLC ("AFS"), in state court, claiming that AFS discharged him in violation of his employment contract. (Doc. # 1, Ex. A.) AFS removed (Doc. # 1, Ex. B) the suit to federal court, asserting that federal question jurisdiction existed because Mr. Rogers' state-law claims were completely preempted by the Labor Management Relations Act ("LMRA"). AFS has filed a motion for summary judgment (Doc. # 16), to which Mr. Rogers has responded (Doc. # 22), followed by AFS's reply brief. (Doc. # 24.) Accordingly, the motion for summary judgment is ripe for decision, and the court finds that it is due to be granted.

**I. STANDARD OF REVIEW**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, the moving party "always bears the initial responsibility of informing

the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.  "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Rule 56(e)(2).  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party."  *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (citation omitted).

## II. DISCUSSION

### A.  *Jurisdiction*

Under the somewhat unique circumstances of this case, an explanation of why this court has jurisdiction will considerably aide in resolving the merits of the summary judgment motion.  Moreover, although the parties do not dispute that this court has jurisdiction, federal

courts have "an 'independent obligation to examine their own jurisdiction'" in every case. *Scott v. Taylor*, 405 F.3d 1251, 1258 (11th Cir. 2006) (quoting *United States v. Hays*, 515 U.S. 737, 742 (1995)).

Mr. Rogers' state-court complaint alleges only state-law causes of action against AFS. (Doc. # 1, Ex. A.) AFS nonetheless removed this case to federal court on the basis of federal question jurisdiction. (Doc. # 1, Ex. B.) Ordinarily, such a removal would be improper, because a defendant may remove only those civil actions "brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Section 1331 provides for federal jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal punctuation omitted). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Id.*; *see also Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006).

AFS asserts, however, that this case falls into the limited exception for cases where "federal law so occupies a given field that a state-law claim is transformed into a claim 'arising under' federal law." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). While federal statutes creating such complete preemption are rare, one is

3

Section 301 of the LMRA, 29 U.S.C. § 185. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *Dunlap*, 381 F.3d at 1291. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

Here, there is no dispute that Mr. Rogers did not have a contract personally with AFS; rather, his employment contract was a collective-bargaining agreement ("CBA") negotiated between AFS and the International Association of Machinists and Aerospace Workers, AFL-CIO, Local No. 2003 ("Union"). (Doc. # 17, Ex. 2, Attach. A.) The question, then, is whether the resolution of the state-law claims pled in Mr. Rogers' complaint substantially depends on the meaning of the CBA. It is not difficult to determine that both claims do so depend, and Mr. Rogers' arguments to the contrary are unconvincing.[1] Count I alleges that the parties "entered into an employment contract," which required good cause before an employee was to be discharged; it then states that "Defendant discharged Plaintiff from

---

[1] Mr. Rogers points out that cases cited by AFS involved the law of other states or disputes over different aspects of CBA interpretation (wage disputes as opposed to termination). (Doc. # 22.) Since the whole point of the analysis is that federal law completely preempts state law in this field, it is irrelevant that another state's law was the underlying basis for a preempted suit in another case; it is equally irrelevant exactly what part of a CBA a suit arose under, because regardless the suit is one for breach of the CBA. Finally, Mr. Rogers' argument that this court should follow the dissent, rather than the majority opinion, in a 45-year-old Supreme Court case merits little discussion. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 659 (1965) (Black, J., dissenting). This court is not free to decide whether or not to follow the binding precedent of higher courts, and multiple decisions in the years after *Republic Steel* have reaffirmed the law in this area.

employment without just cause, thereby breaching the contract of employment." (Doc. # 1, Ex. A, ¶¶ 3, 8.) Count II appears to state a claim for reliance or promissory estoppel, based on the same conduct. (Doc. # 1, Ex. A, ¶¶ 10-12.) It is evident that a claim that a contract was breached requires an interpretation of that contract; here, the contract in question is a CBA between AFS and the Union. Such a CBA is a labor contract governed by Section 301 of the LMRA.[2] Accordingly, federal law completely preempts state law with respect to Mr. Rogers' claims, and this court properly has jurisdiction over the removed suit.

### B. Merits

The foregoing discussion of jurisdiction goes a considerable way toward resolving the merits of the case. As explained, once a court finds that a state-law claim is completely preempted by Section 301 of the LMRA, its only options are to recharacterize the claim as a Section 301 claim, or to dismiss it as preempted. *Lueck*, 471 U.S. at 220. Mr. Rogers' briefing does not contain any discussion about how this court might consider recharacterizing the claims as arising under Section 301, if it finds that the claims would otherwise be completely preempted. AFS points out that a prerequisite to filing a Section 301 claim is the filing of a grievance with the union, and alleges that Mr. Rogers failed to do so. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983); *Bartholomew v. AGL Res., Inc.*, 361

---

[2] "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

5

F.3d 1333, 1342 n.7 (11th Cir. 2004). Mr. Rogers admits that he did not file a grievance, but suggests that *Bartholomew* is distinguishable because, in that case, the CBA required that a grievance be filed, whereas here the CBA does not. But the Supreme Court's endorsement of an exhaustion requirement in *DelCostello* was not based on a grievance process being expressly termed mandatory, but simply on whether an employee "attempt[ed] to exhaust *any* grievance or arbitration remedies provided in the collective bargaining agreement." *DelCostello*, 462 U.S. at 163 (emphasis added). In this case, Section 7.1(a) of the CBA provides: "A grievance arising out of discharge or disciplinary suspension must be filed with [appropriate persons] within five workdays after such discharge . . . ." (Doc. # 17, Ex. 2, Attach. A.) Thus, contrary to Mr. Rogers' selective quotation of the CBA, there is a grievance provision applicable to discharges.

Since Mr. Rogers admits he did not comply with the grievance provision, the court need go no further. Mr. Rogers' state-law claims are completely preempted by Section 301 of the LMRA, and if recharacterized as Section 301 claims, they fail because Mr. Rogers did not properly exhaust his grievance through the procedures set forth in the CBA. There is no genuine issue of material fact in this case, and summary judgment is due to AFS.

### III. CONCLUSION

It is ORDERED that AFS's Motion for Summary Judgment (Doc. # 16) is GRANTED**,** and Mr. Rogers' claims are DISMISSED with prejudice. An appropriate judgment will be entered.

6

DONE this 13th day of October, 2009.

            /s/   W.  Keith Watkins
           UNITED STATES DISTRICT JUDGE